UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHARICE C. VANN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 07-cv-722-JPG
Criminal Case No. 06-cr-40029-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Sharice C. Vann's ("Vann") motion for relief pursuant to 28 U.S.C. § § 2255 (Doc. 1) and its amendment (Doc. 3). The government has responded to the motion (Doc. 10), and Vann has replied to that response (Doc. 11).

**I.    Background**

In September 2006, Vann was indicted on one count of conspiring to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) & 846, and on January 8, 2007, Vann pled guilty without a plea agreement to that charge. On April 12, 2007, the Court held a sentencing hearing at which Vann's counsel withdrew all but one objection to the Presentence Investigation Report ("PSR") and the government conceded the remaining objections. The government recommended the high end of the guideline range, but the Court sentenced Vann toward the middle of the range – 204 months in prison. Judgment was entered on the docket on April 17, 2007.

Although she did not plead guilty pursuant to a plea agreement, both before and after her sentencing, Vann cooperated with the government in hopes of obtaining a reduction of her sentence pursuant to Federal Rule of Criminal Procedure 35(b). Although the Court warned her that she could file a notice of appeal within ten days after entry of judgment, neither Vann nor her

counsel filed a notice of appeal. Vann continued to cooperate with the government after her appeal period expired by participating in a proffer interview with counsel present on May 4, 2007, 13days after entry of judgment. On June 22, 2007, 66 days after entry of judgment and 49 days after her last proffer, Vann filed a *pro se* notice of appeal. The Court of Appeals dismissed Vann's appeal for lack of jurisdiction due to the untimeliness of her notice of appeal. The government declined to file a motion for a sentence reduction pursuant to Rule 35(b) within the year after her sentencing.

Several months after her appeal was dismissed, Vann filed this timely motion to vacate her sentence pursuant to 28 U.S.C. § 2255. In it, she makes a number of arguments, but a threshold argument deserves immediate attention. She alleges her counsel was constitutionally deficient because he did not explain after her sentencing the advantages and disadvantages of appealing or advise her whether there were meritorious grounds for appeal and because he did not take her calls to his office during the appeal period. She concedes she never asked her counsel to file a notice of appeal on her behalf, either within or after the appeal period.

**II.     Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). Vann claims that her Sixth Amendment right to effective assistance of counsel was violated when her counsel did not file a notice of

appeal of her conviction and sentence.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

An attorney's failure to file a notice of appeal when timely requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995), *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

Vann makes no allegation that she timely requested her counsel to file a notice of appeal. Thus, there is no basis to award Vann the right to proceed as if on direct appeal by virtue of *Castellanos*. Whether she is entitled to such relief under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000),[1] or *Corral v. United States*, 498 F.3d 470 (7th Cir. 2007),[2] is yet to be decided.

---

[1]*Flores-Ortega* held that counsel is deficient if he fails to consult with the petitioner about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. The petitioner suffers prejudice if he can show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

[2]*Corral* held that "when a criminal defendant has made reasonable efforts to contact his lawyer about an appeal during the ten-day period, his lawyer must make a reasonable effort to

### III. Conclusion

For the foregoing reasons, the Court **RESERVES RULING** on Vann's § 2255 motion (Doc. 1) and its amendment (Doc. 3) and **ORDERS** the government to respond on or before May 1, 2009, to Vann's other claims in her § 2255 motion and its amendment that support her request to proceed as if on direct appeal. Should Vann be granted such relief on any of those grounds, the remainder of her § 2255 motion will be premature. Should Vann not be granted an appeal, the Court will order further briefing on the remaining issues.

**IT IS SO ORDERED.**
**DATED: April 1, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

reach the client before the time for filing a notice of appeal expires." *Corral*, 498 F.3d at 474. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Flores-Ortega*, 528 U.S. at 484; *accord Corral*, 498 F.3d at 475.