UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHARICE C. VANN,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 07-cv-722-JPG
Criminal Case No. 06-cr-40029-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Sharice C. Vann's ("Vann") motion for relief pursuant to 28 U.S.C. § § 2255 (Doc. 1) and its amendment (Doc. 3). On April 1, 2009 (Doc. 12), the Court rejected Vann's argument that she was entitled to proceed as if on direct appeal because her counsel failed to file a notice of appeal after she timely asked him to do so. The Court found she had made no such request. The Court further directed the government to respond to Vann's other claims in her § 2255 motion and its amendment that support her request to proceed as if on direct appeal. The government has responded (Doc. 17), and Vann has replied to that response (Doc. 20).

**I.    Background**

In September 2006, Vann was indicted on one count of conspiring to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) & 846, and on January 8, 2007, Vann pled guilty without a plea agreement to that charge. On April 12, 2007, the Court held a sentencing hearing at which Vann's counsel withdrew all but one objection to the Presentence Investigation Report ("PSR") and the government conceded the remaining objections. The government recommended the high end of the guideline range, but the Court sentenced Vann toward the middle of the range – 204 months in prison. Judgment was entered on the docket on

April 17, 2007.

Although she did not plead guilty pursuant to a plea agreement, both before and after her sentencing, Vann cooperated with the government in hopes of obtaining a reduction of her sentence pursuant to Federal Rule of Criminal Procedure 35(b). Although the Court warned her that she could file a notice of appeal within ten days after entry of judgment, neither Vann nor her counsel filed a notice of appeal. Vann continued to cooperate with the government after her appeal period expired by participating in a proffer interview with counsel present on May 4, 2007, 13 days after entry of judgment. On June 22, 2007, 66 days after entry of judgment and 49 days after her last proffer, Vann filed a *pro se* notice of appeal. The Court of Appeals dismissed Vann's appeal for lack of jurisdiction due to the untimeliness of her notice of appeal. The government declined to file a motion for a sentence reduction pursuant to Rule 35(b) within the year after her sentencing.

Several months after her appeal was dismissed, Vann filed this timely motion to vacate her sentence pursuant to 28 U.S.C. § 2255. In it, she alleges her counsel was constitutionally deficient because he did not explain after her sentencing the advantages and disadvantages of appealing or advise her whether there were meritorious grounds for appeal and because he did not take her calls to his office during the appeal period.

## II.  Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental

defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). Vann claims that her Sixth Amendment right to effective assistance of counsel was violated when her counsel did not file a notice of appeal of her conviction and sentence.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

Vann's argument rests on two primary cases: *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and *Corral v. United States*, 498 F.3d 470 (7th Cir. 2007).

*Flores-Ortega* held that counsel is deficient if he fails to consult with the petitioner about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. The petitioner suffers prejudice if he can show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

*Corral* held that "when a criminal defendant has made reasonable efforts to contact his lawyer about an appeal during the ten-day period, his lawyer must make a reasonable effort to reach the client before the time for filing a notice of appeal expires." *Corral*, 498 F.3d at 474. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that

he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Flores-Ortega*, 528 U.S. at 484; *accord Corral*, 498 F.3d at 475.

Under the first prong of *Flores-Ortega*, Vann's counsel had no obligation to consult with her about an appeal because there was no reason to believe a rational defendant in her position would have wanted to appeal. An appeal would have little chance of success and would have risked losing a potential sentence reduction. As the government noted, Vann freely and voluntarily pled guilty and was sentenced without the Court having to resolve any disputes between the parties. Thus, her appealable issues are specious. Furthermore, from the time of the plea to her belated appeal, Vann cooperated with the government in the hopes of receiving a sentence reduction under Federal Rule of Criminal Procedure 35(b). The government is unlikely to ask for a Rule 35(b) reduction where a defendant appeals from a free and voluntary guilty plea or a sentence where no objections were raised. Vann's counsel's assessment that no rational defendant in her position would want to appeal was not deficient.

As for his assessment of Vann's particular desire to file a notice of appeal, her efforts to timely contact counsel, and counsel's availability to her through his office staff within the ten-day appeal period, the briefing raises issues of material fact that must be decided at an evidentiary hearing.

## III. Conclusion

For the foregoing reasons, the Court continues to **RESERVE RULING** on Vann's § 2255 motion (Doc. 1) and its amendment (Doc. 3) and **ORDERS** that a hearing be held on the aforementioned issues of material fact on October 9, 2009, at 10:30 a.m. in Benton, Illinois. The Court further finds that the interests of justice require that Vann be represented by counsel at the

hearing, but that she is unable to afford counsel.  Accordingly, the Court hereby **ORDERS** that, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A, the Federal Public Defender's Office is **APPOINTED** to represent Vann for the purposes of resolving the *Flores-Ortega* and *Corral* issues only.

**IT IS SO ORDERED.**
**DATED:  July 29, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
